UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP BRANSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRINITY COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-2452 AC P<br><br><br><br>ORDER |

**I.    Introduction**

Plaintiff Kip Branson is a state prisoner currently incarcerated at Valley State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR).[1]  Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis.  This case was transferred to this court from the United States District Court for the Northern District of California in December 2019.  This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the court grants plaintiff's request to proceed in forma pauperis, declines to direct service of plaintiff's original complaint, and accords plaintiff leave to file a First Amended Complaint.

---

[1] Plaintiff filed this action while incarcerated at CDCR's Sierra Conservation Center.  ECF No. 1.

1

## II. **In Forma Pauperis Application**

Plaintiff has submitted an affidavit and prison trust account statement that together make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 8. Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.[2]

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action with periodic deductions from his prison trust account. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. **Screening of Plaintiff's Complaint**

### A. **Legal Standards for Screening Prisoner Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.

---

[2] Plaintiff's subsequently filed motion to proceed in forma pauperis, ECF No. 11, will be denied as moot.

1  Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

3  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

4  Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to

5  state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

6  claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570).  "A claim

7  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged.

9        "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however

10 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

11 lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

12 106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be

13 so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the

14 deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

15 cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

16              **B.      The Complaint**

17      Plaintiff alleges that he was denied adequate medical care when previously incarcerated in

18 the Trinity County Sheriff's Detention Facility (Facility).  Plaintiff alleges that in February 2017

19 he tore his left bicep which required "immediate medical attention/surgery," which was denied by

20 the Facility, resulting in "irreparable harm."  ECF No. 1 at 3.  Plaintiff further alleges that from

21 December 2017 until August 2018 he required dental care, which the Facility denied, requiring

22 that plaintiff have "all" of his teeth removed.  Id.  Plaintiff seeks 2.8 million dollars in damages.

23              **C.      Failure to State a Claim**

24      The complaint does not specify whether plaintiff was incarcerated at the Facility as a pre-

25 trial detainee or pursuant to a judgment of conviction.  The legal standards for assessing

26 plaintiff's claims are different depending on his incarceration status at the time of the challenged

27 events.

28 ////

If plaintiff was a pretrial detainee at the time of the events described in the complaint, his claim is governed by the more stringent "objective" standards of the Fourteenth Amendment:

> [C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard. Based thereon, the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. Thus, the plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard.

Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citations and internal quotation marks omitted).

If plaintiff was serving a criminal sentence at the time of the events described in the complaint, his claim is governed by the Eight Amendment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted).

To state a cognizable Eighth Amendment claim, a prisoner must plausibly allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

The instant complaint does not provide enough factual information to assess whether plaintiff's putative claims are cognizable under either set of these legal standards. For this reason, the court will not direct service of the complaint at this time. Plaintiff will be provided the opportunity to prepare and file an amended complaint that conforms to the appropriate legal standards and, as set forth below, identifies appropriate defendants.

## 2. **Defendants**

The complaint identifies as defendants the "Trinity County Sheriff Department" and "Does 1 to 20." ECF No. 1 at 1. No specific individual defendants are named.

A suit against the Trinity County Sheriff's Department is effectively a suit against Trinity County. To state a cognizable claim against a local governmental entity (i.e. Trinity County), a plaintiff must allege that a specific "policy or custom" of the entity was the "moving force" behind the alleged constitutional violation. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978) (a local governmental entity may be sued as a "person" under Section 1983 only if the challenged conduct reflects a policy, practice or custom of the entity). "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official to take any remedial steps after the violations." Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001) (citation and internal quotation marks omitted). A suit against a specific governmental officer in his official capacity (e.g. the Trinity County Sheriff) is equivalent to a suit against the

governmental entity itself. Id. The instant complaint does not identify a County policy or custom supporting the denial of medical care to plaintiff or, therefore, supporting Trinity County or its Sheriff as an appropriate defendant.

On the other hand, if plaintiff was denied medical care by specific medical providers, or prevented from obtaining available medical care by custodial staff, they may be sued for damages in their personal capacities based on their own allegedly unconstitutional conduct without reference to a county policy or practice.

Finally, inclusion of "Doe" defendants is disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). When the identity of alleged defendants cannot be known prior to the filing of a complaint, plaintiff should be given an opportunity through discovery to identify them. Gillespie, 629 F.2d at 642. Failure to afford the plaintiff such opportunity is error. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Here, however, the complaint makes no charging allegations against any specific Doe defendant. Plaintiff should seek to discover the identity of Doe defendants and move to substitute them into the case, together with appropriate factual allegations, as soon as is possible. Failure to identify a Doe defendant and serve him or her prior to the close of discovery may result in the dismissal of that defendant.

To summarize, plaintiff may continue to name the Trinity County Sheriff's Department (aka Trinity County) as a defendant in this action if and only if he identifies a specific county policy or custom as the moving force behind the denial of medical care to plaintiff. Plaintiff may also, or alternatively, identify specific medical providers as defendants in this action without reference to a policy or custom. (However, if a medical provider informed plaintiff that a county policy or custom prevented him or her from providing plaintiff with medical care, that is evidence of the challenged policy or custom, not of the individual practitioner's allegedly unconstitutional conduct.) Finally, to name a Doe defendant, plaintiff must identify the defendant to the best of his ability and explain the defendant's challenged conduct in this case.

////

////

### IV. Leave to File an Amended Complaint

Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state cognizable federal claims against appropriate defendants consistent with the legal standards set forth herein. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

### V. Plain Language Summary for Pro Se Litigant

You have been granted in forma pauperis status and will pay the filing fee in small amounts over time.

The court has screened your complaint and found that it does not contain facts that are enough to state a claim. Instead of serving the complaint, the court is giving you the chance to file an amended complaint. In order to be served, an amended complaint should: (1) state whether you were in the jail pretrial or post-conviction, and therefore whether your claim of inadequate medical care is governed by the Fourteenth or Eighth Amendment; (2) provide detailed factual allegations about your specific medical needs and identify "how, what, when, where and by whom" you were denied care or mistreated; and (3) identify appropriate defendants consistent with your factual allegations and according to the standards explained above.

If you file an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A. You are not obligated to file an amended complaint. If you do not file an amended complaint, this court will recommend that your action be dismissed without prejudice.

### VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted; plaintiff's subsequent motion to proceed in forma pauperis, ECF No. 11, is denied as moot.

////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint, ECF No. 1, is found not to state a claim upon which relief may be granted.

4. Plaintiff is granted leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED: July 8, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE